**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
**JEFFREY L. SHERMAN,**

                       **Plaintiff,**

       **-against-**

**PLATINUM FITNESS LIFESTYLE,**
**LTD., et al.,**

                      **Defendants.**
-------------------------------------------------------------------x

**REPORT AND**
**RECOMMENDATION**

**02-CV-6556 (ERK)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

In a submission filed on November 4, 2005, plaintiff Jeffrey L. Sherman ("plaintiff") moved for judgment by default against defendant Kathleen Lohmann ("defendant" or "Lohmann"). The following month, Chief Judge Edward R. Korman, the District Judge to whom the case is assigned, referred the matter to the undersigned magistrate judge "to determine whether a default judgment is appropriate because of the defendant's failure to appear at a status conference a year ago." 12/23/05 Endorsed Order. Because the record reveals that defendant abandoned her defense of this action and ceased communication with defense counsel, it is the recommendation of this Court that plaintiff's motion for a default judgment be granted.

## FACTUAL BACKGROUND

This action was commenced against Lohmann and others on December 16, 2002, and was assigned to Judge Korman and Magistrate Judge A. Simon Chrein. Plaintiff alleges that the defendants discriminated against him on account of his religion and terminated his employment in retaliation for his complaints of discrimination, in violation of Title VII of the Civil Rights Act of 1964, as well as other federal, state and local laws. See generally Amended Complaint.

Lohmann, along with defendants Platinum Fitness Lifestyle, Ltd., Zone Gourmet Fresh

Food Delivery, and Ed Fasano ("the Platinum defendants"), retained attorney Philip J. Campisi, Jr. ("Campisi" or "defense counsel") of the law firm of Westerman Ball Ederer Miller & Sharfstein, LLP ("the Westerman firm"). After the Platinum defendants answered the complaint on May 22, 2003, Judge Chrein set a discovery schedule. See 1/5/04 Orders.

On October 28, 2004, at the conclusion of the discovery period, counsel telephonically informed Judge Chrein that the parties had orally agreed upon a settlement of the case but that Campisi had been unable to locate his clients to finalize the agreement. See Minute Entry for Proceedings on 10/28/04. In fact, according to defense counsel, "since in or about August, 2004, the Platinum Defendants have refused and/or failed to communicate with any representatives of our firm, have not responded to letters and have not returned telephone calls." 1/21/05 Letter to Judge Korman from Philip J. Campisi, Jr. ("Campisi Letter") at 2. For that reason, coupled with the Platinum defendants' "fail[ure] to live up to their monetary obligations" to the Westerman firm (id.),[1] defense counsel notified Judge Chrein, during the telephone conference, that his firm would be moving to withdraw from its representation of the Platinum defendants. See id. In order to afford the Platinum defendants another opportunity to demonstrate their willingness to cooperate with counsel in the defense of this action, Judge Chrein instead issued an order directing the Platinum defendants (including Lohmann), as well as the attorneys for both sides, to appear in person before him on January 7, 2005, at 10:30 a.m. See 11/22/04 Order to Appear Before the Court ("11/22/04 Order") (docketed on 12/2/04); see also 10/28/04 Minute Entry for Proceedings; Campisi Letter at 2. The Order expressly warned that "a default may be entered

---

[1] The Platinum defendants reportedly stopped paying their legal fees and, as of January 21, 2005, owed the Westerman firm in excess of $130,000 for services rendered in connection with this and other matters. See Campisi Letter at 2.

against any party who fails to appear on the date designated herein by the Court." 11/22/04 Order at 2. Although defense counsel "served each of the Platinum Defendants with multiple notices of this order" (Campisi Letter at 2), none appeared for the court-ordered conference. See 1/7/05 Minute Entry for Proceedings. Judge Chrein thereupon authorized defense counsel to move to withdraw and plaintiff's counsel to move for default. See id.

By letter dated January 21, 2005, defense counsel moved to withdraw, see Campisi Letter, and Judge Korman granted the motion. See Endorsed Order entered 4/7/05.[2] Meanwhile, on March 28, 2005, plaintiff moved for an entry of default against all of the Platinum defendants, and the Clerk issued such an Entry of Default in May 2005. See Clerk's Entry of Default entered 5/17/05.

Following the death of Judge Chrein, the case was reassigned to this magistrate judge. On November 3, 2005, plaintiff, who had taken no further action to obtain default judgments, was directed to show cause why the case should not be dismissed for lack of prosecution. See 11/3/05 Order To Show Cause. Plaintiff responded to the Order To Show Cause[3] and moved for a default judgment against Lohmann only. See Notice of Motion For Default Judgment, filed 11/4/05.[4] Plaintiff served Lohmann with a copy of the motion papers, by mailing the documents

---

[2] Judge Korman directed defense counsel to "advise the corporate defendant that a corporation must appear by counsel and . . . advise all of his clients of the pendency of a default judgment." Endorsed Order entered 4/7/05.

[3] See 11/7/05 Letter to the Court from Salvatore G. Gangemi ("Gangemi Letter").

[4] Plaintiff's counsel explained to the Court that plaintiff was not moving against defendant Edward Fasano (who reportedly had filed for bankruptcy and was "protected by an automatic stay") or against "the remaining corporate defendants because they are inactive and/or defunct." Gangemi Letter; see Declaration of Salvatore G. Gangemi In Support of Default Judgment at ¶¶ 12-15.

to her at her last known address.  See Certificate of Service filed 11/4/05.  In late December, Judge Korman referred that motion to this Court.  See Endorsed Order entered 12/23/05. Lohmann has not responded to the motion or otherwise taken any further action in this case.

### DISCUSSION

Rule 55(b)(2) of the Federal Rules of Civil Procedure prescribes conditions for the entry of a default judgment--a final order that may entered against a party who has failed to plead and/or appear or otherwise defend a suit.  See Fed. R. Civ. P. 55.  A default judgment under Rule 55(b)(2) is an "extreme sanction" that "must remain a weapon of last, rather than first, resort." Eisenberg v. Dist. Attorney of County of Kings, 847 F.Supp. 1029, 1033 (E.D.N.Y. 1994) (citing Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981)).  Nevertheless, the "strong judicial preference for trial on the merits is counterbalanced by considerations of social goals, justice and expediency, a weighing process which is largely within the domain of the judge's discretion." Leon B. Rosenblatt Textiles, Ltd. v. Griseto, No. 96 Civ.2925(JSM), 1999 WL 739532, at *2 (S.D.N.Y. Sept. 22, 1999) (internal quotation marks and citation omitted); accord Grant v. West, No. 97 CV 6560 (ILG), 2001 WL 1597804, at *3 (E.D.N.Y. Nov. 6, 2001); see also Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993) (whether to enter a default judgment pursuant to Rule 55(b)(2) is a matter left to the sound discretion of the court).

As an initial matter, where, as here, the allegedly defaulting party has appeared in the action, the Court must first determine whether that party was "served with written notice of the application for judgment at least three days prior to the hearing on such application," as required by Rule 55(b)(2).  See Ann Taylor, Inc. v. Interstate Motor Carrier, Inc., No. 03 CIV 7502, 2004 WL 2029908, at *2 (S.D.N.Y. Sept. 13, 2004); Diversified Fin. Sys., Inc. v. Tomich Corp., No.

95 CV 4211, 1997 WL 177873, at *2 (E.D.N.Y. Mar. 28, 1997). In this case, plaintiff's motion for a default judgment was accompanied by a certificate of service, attesting that the motion papers had been mailed to Lohmann at her last known address in Stony Brook, New York. Plaintiff thus complied with the notice requirement of Rule 55(b)(2).

In deciding whether to enter judgment by default, courts consider a number of factors, including: the amount of money potentially involved, whether material issues of fact exist, whether the default is largely technical, whether the moving party has been substantially prejudiced by the delay, the harshness of the effect a default judgment might have, and whether the court would be obliged to set aside the default on the defendant's motion. See, e.g., Wing v. E. River Chinese Rest., 884 F. Supp. 663, 669 (E.D.N.Y. 1995) (citing 10 Charles Allen Wright, et al., *Federal Practice and Procedure* § 2685 (2d ed. 1983)). No one factor is dispositive. See, e.g., Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 97-98 (2d Cir. 1993); S.E.C. v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998) ("An absence of prejudice to the nondefaulting party would not in itself entitle the defaulting party to relief from the judgment."). Rather, courts must weigh these factors and other relevant equitable factors and arrive at the just balance between fairness to litigants and the requirements of the judicial system. See Enron, 10 F.3d at 95, 96; see also Sony Corp. v. Elm State Elecs., Inc., 800 F.2d 317, 320 (2d Cir. 1986).

The grounds for default in this case are clearly established. Although Lohmann answered the complaint and denied the claims, her participation in the proceeding came to an abrupt halt in August 2004, when she ceased all communication with her attorney. Whatever material issues of fact might otherwise have existed, Lohmann opted not to continue to contest plaintiff's claims. The default in this case is in no way "technical." Compare Enron, 10 F.3d 90 (finding

abuse of discretion when district court granted default judgment against *pro se* defendant for untimely filing of court papers).[5]

Lohmann's failure to appear at a court-ordered conference represented the culmination of a course of conduct evidencing her total abandonment of her defense of this action and her refusal to communicate and/or cooperate with her own attorney. She was expressly warned that her failure to appear as directed before Judge Chrein might result in the entry of a default judgment against her. See 11/22/04 Order at 2. She nevertheless chose not to appear, and, in the past 14 months, has taken no further action to participate in this litigation. Such unexplained, willful conduct is inexcusable, and could not support relief from judgment under Rule 60. See, e.g., Stemcor USA Inc. v. Atl. Transp. Ass'n, No. 03 Civ. 4917 RLCRLE, 2004 WL 2339779, at *3 (S.D.N.Y. Oct. 12, 2004); Grant v. West, No. 97 CV 6560 (ILG), 2001 WL 1597804, at *4 (E.D.N.Y. Nov. 6, 2001).

Like an order of dismissal against an uncooperative plaintiff, the entry of a default judgment is an "important weapon[] in a trial court's arsenal of sanctions and must be available for dealing with" defendants like Lohmann, who engage in "willful violations of court rules [or] contumacious conduct," and cause "intentional delays." Leon B. Rosenblatt Textiles, Ltd. v. Griseto, 1999 WL 739532, at *2 (S.D.N.Y. Sept. 22, 1999) (internal quotation and citation omitted). In other words, "in an appropriate case[,] a district court has power to default a defendant, as it does to nonsuit a plaintiff, for failure to comply with the court's orders or rules of procedure." Grant, 2001 WL 1597804, at *4 (internal quotation and citation omitted). In this

---

[5] The pleadings do not specify the amount of monetary damages sought by plaintiff, who was allegedly employed by defendants as an office manager. Based on its familiarity with employment discrimination cases generally, the Court can reasonably assume that the monetary relief sought in this case is, compared to complex commercial disputes, relatively modest.

case, Lohmann's willful non-compliance with her obligations as a defendant have totally halted the progress of this case. Her persistent non-responsiveness makes clear that "any lesser sanction would be unavailing." Leon B. Rosenblatt Textiles, 1999 WL 739532, at *4. Under these circumstances, entry of a default judgment is entirely appropriate.

## CONCLUSION

For the foregoing reasons, it is the recommendation of this Court that the District Court grant plaintiff's motion for a default judgment against Kathleen Lohmann.

Any objections to the recommendations contained in this Report and Recommendation must be filed with the Honorable Edward R. Korman on or before March 17, 2006. Failure to file objections in a timely manner may waive a right to appeal the District Court order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk is directed to enter this Report and Recommendation into the ECF system and to transmit a copy to Lohmann, by Federal Express, at the following address:

> Kathleen Lohmann
> 3 Garden Drive
> Stony Brook, NY 11790

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**March 6, 2006**

> **ROANNE L. MANN**
> **UNITED STATES MAGISTRATE JUDGE**